

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00242-CR

RANDY WILLIAM SHARP, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 19448

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Randy William Sharp pled guilty to possession of a controlled substance with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Supp.).[1]  Pursuant to a plea-bargain agreement with the State, the trial court sentenced Sharp to forty years' imprisonment.  Sharp now appeals and claims he is entitled to a new trial under Rule 34.6(f) of the Texas Rules of Appellate Procedure "due [to] the loss of Volume Two of the Court Reporter's Record."  *See* TEX. R. APP. P. 34.6(f).  This is the only issue raised.  Upon review, we find that Sharp is entitled to a new trial under Rule 34.6(f).

## I.     Factual Background

According to the indictment, "on or about the **18th day of August, A.D. 2022**," Sharp allegedly "**did then and there knowingly possess, with intent to deliver, a controlled substance listed in Penalty Group One of the Texas Controlled Substances Act, namely, Methamphetamine, in an amount of four grams or more but less than 200 grams, by aggregate weight, including any adulterants and dilutants**."  After Sharp was indicted, he filed a motion to suppress evidence.  With that motion, he claimed his seizure "was made without a warrant and without probable cause to believe that he was engaged in criminal activity."  Sharp stated, "**SPECIFICALLY:**  The Trooper engaged in a 'probable cause search' where no probable cause existed, going to such an extreme as to remove a locked lock from a closed box."

---

[1]The judgment of conviction incorrectly identifies the statute of offense as "481.112 Penal Code."  The correct statute of offense is Section 481.112 of the Texas Health and Safety Code.  Because we are reversing and remanding for a new trial, we need not modify the judgment.

On November 30, 2023, the trial court held a hearing on Sharp's motion to suppress. It is undisputed that the reporter's record from that hearing, which should be volume two of the reporter's record, is missing. After the suppression hearing, the trial court denied Sharp's motion to suppress and entered findings of fact and conclusions of law on that denial.

Subsequently, on December 4, 2023, Sharp pled guilty to possession with the intent to distribute. Although a plea-bargain case, the trial court certified that "matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal." After pleading guilty, the trial court sentenced Sharp to forty years' imprisonment. Sharp now appeals.

## II.    Rule 34.6(f) Requires a New Trial

When a reporter's record is lost or destroyed, Rule 34.6(f) of the Texas Rules of Appellate Procedure requires a new trial if four requirements are met. Rule 34.6(f) specifically provides the following:

> (f)    *Reporter's Record Lost or Destroyed.* An appellant is entitled to a new trial under the following circumstances:
>
> (1)    if the appellant has timely requested a reporter's record;
>
> (2)    if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
>
> (3)    if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
>
> (4)    if the lost, destroyed[,] or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed

3

> exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f). If these four requirements are met, Sharp is entitled to a new trial. *See Coplin v. Mann*, 622 S.W.3d 586, 591 (Tex. App.—Texarkana 2021, no pet.). We turn to the four requirements of Rule 34.6(f).[2]

### A. Sharp Made a Timely Request for the Reporter's Record

Sharp filed his notice of appeal on December 7, 2023, and Sharp requested the reporter's record on the same day. Thus, Sharp made a timely request for the reporter's record, and the first requirement has been met. *See* TEX. R. APP. P. 34.6(f)(1).

### B. A Significant Portion of the Reporter's Record is Lost or Destroyed

It is undisputed that volume two of the reporter's record is lost or destroyed. The State concedes that "the record for the hearing on Appellant's motion to suppress can not [sic], for whatever reason, be retrieved by the court reporter and is missing from the remainder of the reporter's record."

The State also agrees that "[i]t is undisputed that neither Appellant nor Appellee have contributed in any manner whatsoever to the absence from the reporter's record of the proceedings that occurred in the hearing on Appellant's motion to suppress." Considering these

---

[2]Under Rule 34.6(e)(3) of the Texas Rules of Appellate Procedure, we are permitted to abate this proceeding and allow the trial court to resolve any "dispute" regarding the reporter's record. TEX. R. APP. P. 34.6(e)(3). Rule 34.6(e)(3) provides, "If the dispute [as to the reporter's record] arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution." In this case, on April 24, 2024, we notified the parties of the incomplete reporter's record. Consistent with Rule 34.6(e)(3), we also left "the responsibility for seeking further relief related to the lost or destroyed record with the parties to this appeal." Neither party requested that we take further action as to the missing volume of the reporter's record. As a result, we found that there was no "dispute" to be resolved by the trial court and that abatement was not necessary.

facts, we find the second requirement has been met, and that, "without the appellant's fault, . . . a significant portion of the court reporter's notes and records has been lost or destroyed." TEX. R. APP. P. 34.6(f)(2).

### C. Volume Two Is Necessary to the Appeal's Resolution

The State does not dispute that the third requirement has been met. As the State concedes, the suppression issue is the "singular issue on which Appellant could appeal." The State further acknowledges that, "[i]n the absence of this record, Appellee concedes no meaningful appeal can proceed." Thus, we find that the third requirement—that volume two "is necessary to the appeal's resolution"—has been met. TEX. R. APP. P. 34.6(f)(3).

### D. Volume Two Cannot Be Replaced by Agreement of the Parties

In its brief, the State does not argue that volume two of the reporter's record can be replaced by agreement of the parties. *See* TEX. R. APP. P. 34.6(f)(4). Instead, to remedy the missing record, the State suggests that the trial court rehear the suppression motion and make a new record. Under the clear terms of Rule 34.6(f), Sharp is not just entitled to a new hearing on the part of the missing reporter's record. Instead, Sharp is entitled to a "new trial." *See* TEX. R. APP. P. 34.6(f).

We find that, because neither the State nor Sharp[3] dispute that the "lost, destroyed[,] or inaudible portion of the reporter's record cannot be replaced by agreement of the parties," we find that the fourth requirement has also been met. TEX. R. APP. P. 34.6(f)(4).

---

[3]In his brief, Sharp claims volume two cannot be replaced by agreement of the parties.

5

**III.    Conclusion**

Because a significant portion of the timely requested reporter's record necessary to the appeal's resolution has been lost through no fault of Sharp and cannot be replaced by agreement of the parties, we reverse the judgment of the trial court and remand for a new trial. *See* TEX. R. APP. P. 34.6(f).

Scott E. Stevens
Chief Justice

Date Submitted:      July 2, 2024
Date Decided:        July 26, 2024

Do Not Publish

6